**STATE of Missouri, Respondent,**

v.

**Lonnie Holloway CLARK, Appellant.**

**No. 48493.**

Supreme Court of Missouri,

Division No. 1.

Oct. 8, 1962.

James Horn, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., O. Hampton Stevens, Special Asst. Atty. Gen., Jefferson City, for respondent.

WESTHUES, Judge.

The defendant Lonnie Holloway Clark, on June 27, 1960, was convicted by a jury on a charge of robbery in the first degree. The information charged that the offense was committed by the use of "a dangerous and deadly weapon, to-wit: a 38 Cal. Blue Steel, Snub Nose Pistol." The information alleged further that Clark had previously been convicted of robbery and had served a prison sentence. The trial court so found and assessed defendant's punishment on the robbery charge of which the jury found him guilty at imprisonment in the penitentiary for a term of 35 years. A motion for new trial was filed and after being overruled by the court, Clark was sentenced. From the judgment, he appealed.

Clark was represented by counsel during the trial and a motion for new trial was filed on his behalf. The attorney also filed a notice of appeal. On this appeal, Clark was not represented by counsel. However, he filed a four-page memo which was designated as an "Augmented Brief and Bill of Exception in Support of Appellant's Appeal." We shall treat this as a brief. In this brief, Clark charges his counsel with lack of diligence. We have examined the record and find the charge made by Clark against his counsel without any support. As the evidence hereinafter reviewed shows, Clark was positively identified as the perpetrator of a robbery with a deadly weapon. Since he had previously served a prison sentence for a like offense, he might well have received a life sentence. The court assessed, as above indicated, a punishment of 35 years' imprisonment. The point is ruled against appellant.

The evidence in the case justifies the following statement of facts: On the evening of February 6, 1960, shortly after eight

o'clock, a man entered a grocery store referred to as Moley's Quik-Chek located at 2301 Lexington Avenue, Kansas City, Jackson County, Missouri, and at the point of a pistol, he obtained over $100 in cash. That the robbery was committed was not disputed. The dispute at the trial was over the identification of the defendant. Peter Moley, owner of the store, and a Mrs. Richards, a clerk, positively identified Clark as the person who committed the robbery. After the robbery, the police were notified. Moley gave a description to the police, including statements that the person was about 5 feet 6 inches in height, 35 years old, and weighed about 150 lbs. Witness Richards stated to the police that the man was about 35 or 40 years of age. These two witnesses were cross-examined at length on the subject of identification. The witnesses agreed that Clark at the time of the trial had the appearance of being much older. In fact, the record shows that Clark was in the State Penitentiary on robbery charges from April 6, 1928, to December 24, 1959. The witnesses stated that at the time of the robbery Clark had his hat on and it was pulled down so that his hair was hidden. Mrs. Richards explained the discrepancy on cross-examination as follows

"Q Now, did you give a description of this man to the Police Department when they arrived?

"A Yes, sir.

"Q Did you give one to the district officer? That is the uniformed man that first came upon the scene?

"A Yes, sir.

"Q Now will you tell me what that description was?

"A Well—I—I said that he wasn't a white man, and—

"Q Wait just a minute, now. You said he wasn't a white man?

"A He wasn't a white man.

"Q All right.

"A And I work with Italians and I knew he wasn't Italian.

"Q Just a moment, I want to know what you told the officer, not what—

"A That is what I told him.

"Q Oh, all right.

"A I said he wasn't white, he wasn't Italian and he wasn't Spanish, but he was kind of a yellowish color, like he might be part Chinese or Japanese, but still that wasn't the color either, I wasn't sure, but I knew that he wasn't —he was of some descent besides American.

"Q And you told this officer there at the scene, Mrs. Richards, that he wasn't white, didn't you?

"A Yes, sir, I did.

"Q Now, did you at the same time give any estimate or guess as to his age, to the officer?

"A Yes, I said around 35 or 40, but I—

"Q Now, you say around 35 or 40?

"A That is what I estimated, yes, I couldn't see his hair, I didn't realize it was white, or very gray, and—with his hat pulled down he didn't look— he didn't have his hair showing, and I really didn't think he was as old as he is.

"Q In other words without looking at his hair you estimate his age would be 35 or 40?

"A Yes.

\*      \*      \*      \*      \*      \*

"Q Now, Mrs. Richards, I would like you to look at this man and observe him and tell me if after looking at him and seeing him, if you would describe

his age as anywhere near 30 to 35 years of age?

"A Not with his hair showing, now; if he had a hat on I am not sure but what I could still judge him around 35.

"Q With a hat on you would still say his age would be 30 to 35?

"A Yes. Well, I know different, but I mean—it could be possible that I would estimate him at that."

It is apparent that the question of whether Clark was the guilty party was for a jury to decide. Defendant, in his brief, cited the case of State v. Lora, Mo., 305 S. W.2d 452. That case, on the point in question, 1. c. 456(9), held that the defendant in that case was entitled to introduce evidence of the description the State's witness had given to the police of the person the witness claimed had committed the offense. This, the defendant in the case before us, was permitted to do by the State's witnesses and the police to whom the description had been given. Defendant's complaints have no merit.

In his brief, defendant complains that the State made use of aliases. The prosecutor, when qualifying the prospective jurors, asked if any one of them knew the defendant by the name stated in the information and under names not mentioned in the information. The record shows that the defendant was using the name of "Roger Smith" when arrested. In such circumstances, it was not error for the Court to permit the prosecutor to make inquiry as to whether the jurors knew the defendant under names not mentioned in the information. See State v. Butler, Mo., 353 S.W.2d 698, 1. c. 700(7), and State v. Daniels, Mo., 347 S.W.2d 874, 1. c. 878, 879(6).

In the motion for new trial, only two points were presented to the trial court: the first was with reference to the use of aliases. We disposed of that supra. In the second assignment of the motion, defendant says that the trial court erred "in admitting evidence under the habitual criminal act over the objection of the defendant, without substantiation by any testimony of witnesses that the documents offered in evidence were authentic as purported by the State." The State offered in evidence the duly authenticated copy of the record of the Missouri State Penitentiary showing that Lonnie Clark had served a sentence on a conviction of robbery first degree and that he was discharged on December 24, 1959. This record contained a photograph and finger prints of Lonnie Clark for identification. There was no error in the admission of the evidence. State v. Peterson, Mo., 305 S.W.2d 695, 1. c. 697(1–4).

We have ruled on all points made in the motion for new trial as well as those presented by defendant's brief. We have also examined matters as required by S.Ct. Rule 28.02, V.A.M.R. and find no prejudicial error therein.

The judgment is affirmed.

All concur.