STATE of Missouri, Respondent,

v.

Rondel Alfred DUNN, Appellant.

No. 60578.

Supreme Court of Missouri,
En Banc.

March 13, 1979.

W. Morris Taylor, Jerry L. Suddarth, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Jeffrey Schaeperkoetter, Jefferson City, for respondent.

BARDGETT, Judge.

Defendant appealed to the Missouri Court of Appeals, Eastern District, from his conviction of stealing a motor vehicle and the resultant five-year sentence. The court of appeals by opinion transferred the case here for the purpose of reexamining the law with reference to the propriety of asking a defendant on cross-examination whether he has *committed* a particular crime as contrasted to whether he has been *convicted* of a particular crime. The court of appeals opinion is reported in *State v. Dunn*, 561 S.W.2d 694 (Mo.App.1978),[1] and will be utilized in part in this opinion.

The defendant first contends the evidence was insufficient to support the verdict. We have reviewed the record and agree with the court of appeals holding that the evidence was sufficient. See *Dunn, supra*, at 695[1]. The point is overruled.

Defendant's remaining contention is that the trial court erred in failing to sustain defendant's objection to a question asked of him on cross-examination and in failing to declare a mistrial. The question, objection, court ruling, and answer were as follows:

"Q. Mr. Dunn, on February the 17th, 1975, did you steal property from an automobile in St. Louis County.

"Mr. Taylor (defense counsel) I am going to object to that, your honor. That is completely improper. I am going to ask for a mistrial. That is an improper question about some other crime.

"The Court: Overruled.

"Q. (By Mr. McConnell) (Prosecutor) You may answer sir.

"A. No, sir, I did not."

The state contends the question was permissible as it tends to show intent, absence of mistake or accident and common scheme or plan—three of the exceptions to the general rule precluding evidence of other crimes. *State v. Reed*, 447 S.W.2d 533 (Mo. 1969).

The court of appeals rejected this contention and stated its reasons with which we agree and adopt. See *Dunn, supra*, at 696[2].

The statement of the point on which the court of appeals transferred this case and the rationale underlying its belief that it was error to allow, over objection, the cross-examination of the defendant, as set forth above, is as follows (561 S.W.2d 696):

1. The opinion should not have been published because of the transfer to this court.

"The State further contends that the question was permissible to attack defendant's credibility pursuant to *State v. Foster*, 349 S.W.2d 922 (Mo.1961). We are reluctantly constrained to agree. Defendant attempts to distinguish this case from *State v. Foster, supra, State v. Williams*, 492 S.W.2d 1 (Mo.App.1973) and *State v. Summers*, 506 S.W.2d 67 (Mo. App.1974) on the basis that each of those cases involved cross-examination of witnesses, not the defendant. The law is clear, however, that a defendant who testifies in his own behalf may be impeached in the same manner as any other witness. *State v. Williams*, 525 S.W.2d 395 (Mo. App.1975); *State v. Massa*, 512 S.W.2d 912 (Mo.App.1974); Secs. 491.050, 546.260, R.S.Mo.1969.

"It appears to us that the more serious vice is the holding of *State v. Foster, supra*, that while arrest, charges or investigations of criminal conduct may not be inquired into, it is permissible to inquire of a witness whether he has committed a crime, even though no conviction has resulted. That holding was based upon *Wendling v. Bowden*, 252 Mo. 647, 161 S.W. 774 (1913). *Wendling*, however, was decided at a time when it was permissible to attack a witness' credibility by showing his general bad character and it is largely upon this basis that the holding relied upon in *Foster* was made. In 1935 in *State v. Williams*, 337 Mo. 884, 87 S.W.2d 175 (1935), the Supreme Court reversed its prior decisions and prohibited impeachment of a witness through a showing of general bad character. It is questionable, therefore, that the *Wendling* case, *supra*, provides a strong base for the *Foster* decision.

"It is difficult to allow an inquiry such as that posed in the present case and yet condemn inquiries into arrests, charges and investigations. Section 491.050, R.S. Mo.1969 permits examination only on prior convictions, and *State v. Massa*, 512 S.W.2d 912 (Mo.App.1974) precludes direct reference to prior arrests. To allow the prior arrest to be established under the guise of searching for an admission effectively destroys the intent of the act—to limit examination to prior convictions. Furthermore, it is apparent that it is not the answer which prejudices the defendant, it is the question that carries the poison. A general question of whether the witness has ever committed a crime may have little effect on a jury. Where, however, the question contains detailed information such as date, location, victim, or nature of the crime, the jury must, as reasonable persons, conclude that the question is based upon information known to the questioner. A negative answer can have little or no effect on this basic conclusion, and a jury is inevitably left with a belief that the witness has committed the inquired of crime, and is a person of bad character. This is true whether the question has support in fact or not.

"We would if the matter were one of first impression hold the question improper and reverse the case and remand for new trial. We are bound, however, by *State v. Foster, supra*, and its progeny, and must, pursuant to that authority, affirm. We transfer the matter, however, to the Supreme Court for reexamination of the law."

It cannot be discerned whether the court of appeals is urging an absolute rule which would forbid all questions put to any witness, defendant or not, with respect to prior misconduct (other than conviction), or if the court of appeals believes it is foreclosed from considering the prejudicial impact of the disputed inquiry by *Foster, supra*, and is thereby required to overrule the point.

The history and cases relating to the cross-examination of a witness, including defendants, as to prior convictions, acts of misconduct, and putting on testimony of overall bad reputation for morality, truth and veracity, and other specific traits of character, are explored in *State v. Williams*, 337 Mo. 884, 87 S.W.2d 175 (1935), and a two-part article entitled "Impeachment and Rehabilitation of Witnesses by Character Evidence in Missouri" by Arthur N. Bishop, Jr., found in 20 Mo.L.Rev. No. 2, p. 142, and

20 Mo.L.Rev. No. 3, p. 273 (1955), and an article by Professor Edward H. Hunvald, Jr., at 27 Mo.L.Rev. 544 (1962), "Criminal Law in Missiouri—Evidence of Other Crimes".

In *State v. Miller*, 485 S.W.2d 435 (Mo. 1972), a prosecution witness was asked on cross-examination, "You are a practicing homosexual * * * ?" The prosecutor objected and the objection was sustained as against the contention that the question was proper as impeaching credibility in view of sec. 563.230, RSMo 1969, V.A.M.S., making homosexuality—the abominable crime against nature—a criminal offense. This court overruled defendant's contention saying, *inter alia*, the trial court could have sustained the state's objection on the belief that homosexuality had no relationship to the witness's credibility and also on the ground that the court could have sustained the objection "where the answer might expose him [witness] to a criminal charge", and affirmed the conviction.

It is noted at this point that the question in the instant case would have, if answered in the affirmative, exposed the defendant to a criminal charge of stealing. The cases note this problem but answer it by saying a witness may refuse to answer on self-incrimination grounds and cannot be compelled to answer over such objection. If a witness, not the defendant, makes such an objection to a question which may incriminate him, it can at least be said that the *witness* will not be convicted because of his refusal to answer the question. If a defendant is testifying, however, the situation is markedly different. In the instant case had the defendant refused to answer the question as to whether he stole something out of an automobile a few months prior to the theft of the car—the matter on trial—can it be reasonably believed the jury would not think the defendant's refusal to answer on self-incrimination grounds indicated he *did* steal from the car in arriving at their verdict? Or suppose the defendant denies the theft, as he did here, nevertheless the phrasing of the question is such that the detail itself would lead one (the jury) to think the prosecutor knows the defendant

did steal from the car. The fact that it is the *defendant* who is being cross-examined is a factor a court can and should consider in ruling upon an impeaching question as presented here. As noted, the jury could not utilize such a question and whatever answer, or refusal to answer on self-incrimination grounds, when the witness is *not* the defendant, to penalize or convict the *witness* for he is not on trial. Even so, questions put to a defendant's witness to discredit such witness and which deal with purely collateral matters can prejudice a defendant and cause the reversal of a criminal conviction.

In *State v. Spencer*, 472 S.W.2d 404 (Mo. 1971), the state was allowed by the trial court to cross-examine the defendant's wife about her having two illegitimate children before marrying the defendant to discredit her as a witness and thereby severely weaken the defendant's position. The state agreed it was error to impeach a witness's credibility by showing her "general character is bad" but contended the defendant was not prejudiced. However put, the questions were directed to alleged specific acts of misconduct (having two illegitimate children) and on appeal it was held to have prejudiced the defendant.

Where the witness is the defendant, the prejudice is more immediately apparent. In *State v. Taylor*, 473 S.W.2d 385 (Mo. 1971), the defendant was charged with murder second degree and testified in his own defense. The prosecutor, over objection, cross-examined the defendant by asking a number of questions about his job as a desk clerk in a hotel. The questions specifically implied the defendant assisted prostitutes in plying their trade, even though complicity was denied by the defendant. The court in reversing and remanding stated at 388:

"It is *not* necessary to go into the general rules as to the impeachment of witnesses, (RSMo 1969, secs. 491.050, 546.260, V.A.M.S.) convictions for violations of city ordinances, proof of separately charged offenses (40 Am.Jur.2d Homicide, sec. 310, p. 579; *State v. Hyde*, 234

Mo. 200, 136 S.W. 316) or proof of specific acts of misconduct to impeach a witness or a party. *These questions were all directed to the defendant on trial for murder, they plainly implied that he was guilty not only of moral misconduct but of some offense connected with prostitution—even that he, in addition to other offenses relating to prostitution, was a pimp.* This line of cross-examination was not only immaterial and irrelevant it was designedly and manifestly prejudicial, plainly an infringement of a fair trial for which the only remedy is a new trial." (Emphasis added.)

Thus, it is seen that although a defendant testifying in his own defense may, as a general proposition, be impeached the same as any other witness, nevertheless, a court should, on objection being made, limit certain cross-examination of a defendant where the cross-examination is technically purely collateral as to general credibility and the nature is such as to impair the defendant's right to a fair trial on the charge brought against him. This does not apply to prior convictions of criminal offenses.

There is little doubt as to why the question in issue here was asked on cross-examination. The state has strongly urged that the inquiry "was proper as an attempt to elicit evidence of another crime which would have a legitimate tendency to directly establish the appellant's guilt of the charge for which he was on trial." The state thereby acknowledges the use it expects the jury to make of the information and that is precisely why, in this case, it was error to allow the inquiry. *Cf. State v. Reed, supra.*

The extent of cross-examination rests largely in the discretion of the trial court and an appellate court will not interfere unless the discretion is abused. *State v. Whipkey,* 358 Mo. 563, 215 S.W.2d 492 (1948). Cross-examining a defendant as to alleged prior acts of misconduct, particularly where details are stated and the acts are somewhat similar to the case on trial, as here, lends itself to the creation of substantial prejudice even though the answers are in the negative. The cases of *State v. Foster, supra, State v. Williams, supra,* and *State v. Summers, supra,* noted in the excerpt from the court of appeals opinion, do not require a trial court to permit all cross-examination of a defendant as to prior acts of misconduct and do not preclude an appellate court from determining that the specific questioning was erroneous and constituted prejudicial error.

The court of appeals believed the trial court erred in overruling the objection to the question and that defendant was prejudiced thereby. This court agrees.

The judgment is reversed and the cause remanded for a new trial.

MORGAN, C. J., DONNELLY, RENDLEN, SEILER, JJ., WELBORN, Special Judge, and FINCH, Senior Judge, concur.

SIMEONE and WELLIVER, JJ., not participating because not members of the court when cause was submitted.