STATE of Missouri, Respondent,

v.

Charles WHITT, Appellant.

No. 40525.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 1979.

Robert C. Babione, Public Defender, Mary Elizabeth Dockery, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Bruce E. Anderson, Michael Elbein, Asst. Attys. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals his conviction by a jury of robbery in the first degree. Section 560.120 RSMo. 1969. The jury assessed his punishment at imprisonment in the Department of Corrections for a term of seven years.

The robbery occurred on September 28, 1977, at approximately 1:40 a. m. The victim, Zelma Winston, was returning to her home from work. She alighted from her car and was in the process of locking it when a car which had been parked on the street started forward coming directly toward her. The car stopped a few feet from her and the passenger leaped from the car and said, "Bitch, we want your money." She replied, "Here, take it." The man then ordered her to enter the car and attempted, without success, to force her into it. After a brief struggle, the assailant entered the car and fled from the scene.

Shortly thereafter, the police stopped an automobile occupied by defendant and Sam-

uel Smith after it had violated a traffic signal. Miss Winston later identified defendant as the man who had robbed her.

■ At the trial, defendant took the stand in his own defense. During direct examination his attorney propounded the following questions:

Q. Did you rob Zelma Winston?

A. No, I didn't.

Q. Did you rob anybody?

A. No, I didn't.

Q. Have you ever been convicted of a crime?

A. Never.

While cross-examining defendant, the circuit attorney interrogated him as follows:

Q. Okay, now you testified on direct examination that you never robbed anybody, is that right?

A. That's right.

Q. Isn't it a fact that on November 15 of 1975 at approximately 4:25 a. m. at 5729 Mimichka [sic] in the City of St. Louis that you robbed one Deborah Abernathy.

Defendant's counsel objected to this question and moved for a mistrial. The court overruled the objection and denied the request for a mistrial.

For reversal, defendant first contends that the trial court erred when it denied his request for a mistrial when the circuit attorney asked him on cross-examination if he had robbed Deborah Abernathy on November 15, 1975. He argues that the question was improper impeachment because it suggests guilt of other crimes for which he had not been convicted.

The state argues in response that defendant opened up the area of questioning in direct examination. Defendant does not challenge this assertion by the state, but instead he argues, relying on *State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979) that the state is prohibited from cross-examining defendant as to any prior acts of misconduct other than convictions. In *Dunn* the Supreme Court stated: "Cross-examining a defendant as to alleged prior acts of mis-

conduct, particularly where details are stated and the acts are somewhat similar to the case that is on trial, as here, lends itself to the creation of substantial prejudice even though the answers are in the negative." *Id.* at 653.

*Dunn*, however, does not control this case. Defendant was on trial for the robbery of Zelma Winston. In response to questions on direct examination, he not only denied that he committed this specific crime, but he also claimed that "he did not rob anybody." This statement is subject to two possible interpretations: that defendant did not rob anybody on the morning of September 28, 1977; or that he had *never* robbed anyone. In view of the uncertainty, the state on cross-examination asked a clarifying question to which the defendant did not object. The state then had a right to ask the impeaching question. *Dunn* does not prohibit the state from questioning the defendant about prior acts of misconduct where the defendant has on direct examination specifically disavowed any prior misconduct. To hold otherwise would give the defendant an opportunity to deny previous robberies without providing the state an opportunity to challenge such denials.

■ Under this point, defendant further contends that the court erred in not granting a mistrial because at the time he asked the impeaching questions, the circuit attorney displayed in a manner visible to the jury a file stamped: Circuit Attorney. He further alleges that the circuit attorney opened the file and revealed photographs of him. Defendant made no objection at the time this occurred and did not bring the matter to the court's attention until the next day. Since the objection was untimely, the point has not been preserved for review. *State v. Light*, 484 S.W.2d 275, 276 (Mo.1972). We rule this point against defendant.

Defendant next asserts that the court erred in refusing his request for an instruction on stealing from a person. He argues that the victim's testimony warranted the submission of such an instruction because it reveals that any force or intimidation oc-

curred after the victim surrendered her purse.

■ The court is required to submit an instruction on stealing from a person, whether or not requested, if there is substantial evidence to support the submission of such an instruction. *State v. Herron*, 349 S.W.2d 936, 938 (Mo.1961).

It is elementary that in order to constitute robbery in the first degree that the property must have been taken from the person robbed by violence to his person or by putting him in fear. It is well-settled that the violence or fear must precede or be contemporaneous with the taking of the property. . . .

*State v. Adams*, 406 S.W.2d 608, 610 (Mo. 1966). Here, the victim indicated that she was suddenly confronted by a passenger who jumped from an automobile and stated, "Bitch, we want your money." We believe that the evidence shows that the victim parted with her property because of fear and as a result, the court was not required to submit an instruction on stealing from a person.

In making this determination, we have not considered the evidence of force used by defendant in attempting to put the victim into the car after he had taken her purse. Nor is this a purse snatching case where the property is taken from the victim without violence or putting her in fear. E. g., *State v. White*, 326 Mo. 1000, 34 S.W.2d 79 (1930).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.