STATE of Missouri, Respondent,

v.

Van JOHNSON, Appellant.

No. 41812.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

GUNN, Presiding Judge.

Defendant appeals from a conviction for first degree robbery, a § 569.020 violation.[1] He was sentenced to 25 years imprisonment by the trial court pursuant to the "dangerous offender" provisions of §§ 557.036, 558.-016 and 558.021. His appeal alleges trial court error in: (1) failing to suppress the victim's in–court identification; (2) allowing state's exhibits to be received in evidence although not disclosed under Rule 25.32;[2] (3) refusing instructions on stealing from a person; (4) sentencing the defendant as a "dangerous offender." We affirm.

On a snowy and blustery winter night, Mary Cummings waited on a downtown St. Louis street corner for a bus to take her home from work. The corner was well lighted and near her place of employment. As she stood in the cold, two men, one identified as the defendant, approached her and attempted to engage her in conversation. Suddenly, defendant's companion, Kirby Abram, walked behind Ms. Cummings, held a knife to her throat and directed the defendant to take her purse. The defendant grabbed the purse and ran off. Abram made an effort to obtain an engagement ring from Ms. Cummings' finger, and in an ensuing scuffle with her, threw her to the ground cutting her on the finger and inside her mouth with his knife. A passing car caused Abram to flee. Ms. Cummings returned to her place of employment and notified a security guard of the incident. Police responded promptly and a description of the assailants was dispatched. A few blocks from the crime site, a cruising police officer who had received the dispatch saw defendant and Abram running to board a bus. He called for assistance and was aided by another police car in stopping the bus. Police entered the bus and took defendant and Abram in custody. A search of the bus by the seats in which the defendant and Abram had been sitting disclosed a check book bearing Mary Cummings' name and a

Samuel Raban, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

1. Statutory references are to RSMo 1978 unless otherwise designated.

2. Now Rule 25.03, effective January 1, 1980.

green towel which had been described as being used by one of the assailants as a scarf.

After informing Ms. Cummings that they had two suspects in custody matching the description she had given, police took her to the station. As she walked into the station Ms. Cummings immediately recognized and identified defendant and Abram.

■ Defendant's first point of error concerns Ms. Cummings' in–court identification of him as being a product of an unnecessarily suggestive pre–trial confrontation.[3] But there is no error. She had a clear view of the defendant for two or three minutes on a brightly lighted street. Her description of him to police was detailed and accurate. Only 20 minutes lapsed between the time of the robbery and her second confrontation with him. She was immediate and certain in her identification without any prompting or suggestion from anyone. A substantial independent basis thus existed for her in-court identification of the defendant. *State v. Morgan*, 593 S.W.2d 256 (Mo.App.1980); *State v. Nauman*, 592 S.W.2d 258 (Mo.App. 1979); *see also State v. Jackson*, 594 S.W.2d 623 (Mo.1980).

■ Defendant next contends that the state failed to disclose certain exhibits which had been the subject of his Rule 25.32 motion to disclose. Initially, we note there was no request for Rule 25.45[4] sanctions, and the trial court is under no compulsion to enforce its own discovery order. Sanctions are not automatic but applied within the trial court's discretion. *State v. Couch*, 569 S.W.2d 789 (Mo.App.1978). We therefore review this point with the comment that "the mere failure to disclose does not, in and of itself, entitle appellant to a new

trial, but it must be shown that nondisclosure resulted in fundamental unfairness . . . ." *State v. Jones*, 594 S.W.2d 932, 936 (Mo.1980), citing *State v. Davis*, 556 S.W.2d 45 (Mo. banc 1977). It is clear that the defendant was not misled or surprised by the introduction of the exhibits, nor was there any manifest injustice by their admission. Again, there is no merit to defendant's contention.

■ Defendant next asserts that the trial court erred in refusing his request for jury instructions on stealing from a person. He acknowledges that the court is required to submit an instruction on stealing from a person only if there is substantial evidence to warrant it. *State v. Whitt*, 592 S.W.2d 316 (Mo.App.1979); *State v. Sykes*, 569 S.W.2d 254 (Mo.App.1978). In *Whitt*, the court noted that the basic distinction between stealing from a person and robbery in the first degree is the element of fear or violence. The only evidence in this case was that the defendant, acting in concert with Abram, accomplished the crime by putting · the knife to Ms. Cummings' throat–a substantially fearful and violent action. There was no evidence to support a stealing from a person instruction.

Finally, defendant argues that the trial court erred in imposing an extended sentence of 25 years imprisonment[5] pursuant to the dangerous offender provisions of §§ 557.036, 558.016 and 558.021, which became effective January 1, 1979. He contends that the statutes are invalid as applied and, regardless, the trial court failed to follow the proper statutory procedures in imposing the punishment.[6]

---

3. By failing to object to Ms. Cummings' identification testimony at trial, though subject to motion to suppress and motion for new trial, defendant did not properly preserve the point for appeal. *State v. Perry*, 592 S.W.2d 307 (Mo.App.1979). We have nevertheless considered it on the merits.

4. Now, Rule 25.16, effective January 1, 1980.

5. The jury assessed punishment at 10 years imprisonment.

6. Pertinent provisions of "dangerous offender" statutes are as follows:

Section 557.036.3:

If the jury returns a verdict of guilty and declares a term of imprisonment as provided in subsection 2 of this section, the court shall proceed as provided in subsection 1 of this section except that any term of imprisonment imposed cannot exceed the term declared by the jury unless:

\* \* \* \* \* \*

■ Defendant's assault on the statute commences with an assertion that the definition of "dangerous offender" is inapplicable. Seizing the § 558.016.3(2) definition of a "dangerous offender" as one who "[h]as been previously convicted of a class A or B felony or of a dangerous felony," he syllogizes that the creation of class A and B felonies by § 557.016 of the 1979 Criminal Code is evidence of a legislative intent to preclude application of the "dangerous offender" provisions to persons convicted of or who entered a guilty plea to crimes occurring prior to January 1, 1979, in that prior to that date there were no class A or B felonies. However, defendant's argument overlooks the fact that the definition of a "dangerous offender" also includes a person who has previously been convicted of or pleaded guilty to a "dangerous felony." Section 556.061(8) defines a "dangerous felony" as the "felonies of murder, forcible rape, assault, burglary, robbery, kidnapping . . . ." In 1975, defendant pleaded guilty to the charge of assault with intent to kill, and a certified copy of the guilty plea proceedings was read into the sentence hearing record. *See State v. Trevino,* 428 S.W.2d 552 (Mo.1968); *State v. Clark,* 360 S.W.2d 666 (Mo.1962) (admissibility of certified copy of criminal record under Second Offender Act). Therefore, defendant's previous plea of guilty to the "dangerous felony" of assault renders him amenable to an extended sentence as a "dangerous offender."

■ Defendant next argues that because of the drafter's choice of the word "he" rather than "he or another" in the definition of a dangerous offender as "*he* [who] knowingly murdered or endangered or threatened the life of another . . .", (emphasis added) the definition fails to encompass accomplice liability. He reasons that as it was Kirby Abram who held the knife to Ms. Cummings' throat, defendant is not a "dangerous offender." We disagree. Section 562.041, RSMo 1978, abrogates the common law distinction between principals and accessories by holding a person responsible for the criminal conduct of another, if either a statute so provides or a person aids another before, during, or after the commission of a crime. *See State v. Grebe,* 461 S.W.2d 265, 266 (Mo. banc 1970); *State v. Taylor,* 542 S.W.2d 91 (Mo.App.1976) (accessory liability under repealed § 556.170, RSMo 1969). The evidence was that defendant and Abram acted jointly in taking Ms. Cummings' purse. Thus, § 562.041 attributes the act of Kirby Abram in holding a knife to Ms. Cummings' throat to defendant and renders him amenable to sentencing as a "dangerous offender." Furthermore, § 569.020, RSMo 1978, specifically

(2) The defendant is found to be a persistent or dangerous offender as provided in section 558.016, RSMo, in which case:

(a) If he has been found guilty of a class B, C, or D felony, the court shall proceed as provided in section 558.016, RSMo; or

(b) If he has been found guilty of a class A felony, the court may impose any sentence authorized for a class A felony.

Section 558.016:

1. The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C, or D felony to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender.

\* \* \* \* \* \*

3. A "dangerous offender" is one who:

(1) Is being sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person; and

(2) Has been previously convicted of a class A or B felony or of a dangerous felony. . . .

Section 558.021:

1. The court shall not impose an extended term under Section 558.016 unless

(1) The indictment or information, original, amended or in lieu of an indictment, pleads all essential facts warranting imposition of an extended term; and

(2) After a finding of guilty or a plea of guilty, a sentencing hearing is held at which evidence establishing the basis for an extended term is presented in open court with full rights of confrontation and cross–examination, and with the defendant having the opportunity to present evidence; and

(3) The court determines the existence of the basis for the extended term and makes specific findings to that effect.

2. Nothing in this section shall prevent the use of presentence investigations or commitments under 'sections 557.026 and 557.031, RSMo.

3. At the sentencing hearing both the state and the defendant shall be permitted to present additional information bearing on the issue of sentence.

refers to "he, or another participant in the crime" in the definition of robbery in the first degree. Therefore, in reading § 558.-016 in the light of § 562.041, the definition of "dangerous offender" clearly encompasses accomplice liability.

■ Finally, defendant asserts that the trial judge failed to follow the statutory procedures in imposing an extended sentence pursuant to § 558.021.1(2), RSMo 1978:

> After a finding of guilty . . ., a *sentencing hearing* is held at which evidence establishing the basis for an extended term is presented in open court with full rights of confrontation and cross–examination and with the defendant having the opportunity to present evidence.

(emphasis added) Specifically, defendant contends that the trial court erred in taking judicial notice of the trial proceedings to establish that he was convicted of a violent crime. Defendant's reading of the statute would require a second trial to reestablish the basis of the jury verdict. But he misconceives the nature of the sentencing hearing. Initially, we note that the "dangerous offender" provisions are punishment enhancement provisions rather than substantive criminal provisions. *Sours v. State*, 593 S.W.2d 208, 216 (Mo. banc 1980) *rev'd on other grounds*, —— U.S. ——, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980); *see also State v. Pfeifer*, 544 S.W.2d 317, 319 (Mo. App.1976). As such, "usually the only additional evidence against one charged with being a recidivist are tangible court records, and the accused's only defenses are that he is not the person mentioned in the previous convictions or that the convictions are void." *United States v. Bowdach*, 561 F.2d 1160, 1175 (5th Cir. 1977) (interpreting procedural requirements of sentencing hearings pursuant to 18 U.S.C. § 3575 (1970), the federal "Special Dangerous Offender Act"); *United States v. Williamson*, 567 F.2d 610 (4th Cir. 1977). *See also, e. g., Adams v. State*, 376 So.2d 47 (Fla.App. 1979), and cases cited therein, (sentencing

procedure pursuant to Florida's Habitual Felony Offender Act § 775.084, FSA (1977)).[7] Therefore, we find, as under the Second Offender Act, § 556.280, RSMo 1969, now repealed, the § 558.021 sentencing hearing is a continuation of the original trial–not a separate trial proceeding. The trial court may properly take judicial notice of its prior trial proceedings to establish that defendant was convicted of a violent crime. *State v. Vermillion*, 486 S.W.2d 437 (Mo.1972); *State v. Tettamble*, 517 S.W.2d 732 (Mo.App.1974). The trial court properly admitted certified copies of defendant's criminal record and gave him the opportunity to confront and cross–examine the custodian of the records. The trial court did not deviate from proper sentencing procedures of § 558.021 in taking judicial notice of defendant's trial proceedings for the purpose of finding that he had been convicted previously of a felony.

Judgment affirmed.

CRIST and PUDLOWSKI, JJ., concur.

---

**7.** 18 U.S.C. § 3575(b) (1970) and § 775.084(3), FSA (1977), provide defendants with the rights of confrontation, cross–examination, and counsel at an extended sentencing hearing.