STATE of Missouri, Respondent,

v.

**Tad Walter REMREY, Appellant.**

**No. 59695.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 1992.

Application to Transfer Denied
March 24, 1992.

Charles M. Shaw, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for obtaining by fraud dilaudid, a controlled substance; attempting to obtain by fraud dilaudid; forgery and possession of drug paraphernalia, for which Defendant was sentenced to a total of nine years' imprisonment plus six months in jail. We affirm.

The sufficiency of the evidence is not in dispute. In July of 1989, Defendant attempted to obtain dilaudid from three pharmacies in Cape Girardeau by use of forged prescriptions.

█ Defendant asserts the trial court committed prejudicial error in overruling his request for a mistrial after the prosecutor asked the Defendant on cross-examination about a prior arrest not resulting in a conviction. The following colloquy occurred:

Q. You've had quite a bit of experience with this kind of thing, haven't you, Tad?

A. Yes, sir.

Q. As a matter of fact, back in Lawrence, California, you were convicted of this kind of crime.

A. I don't know. I don't think I was.

Q. And again in Daytona Beach, Florida?

MR. SHAW: Wait just a second, you said again, so I don't know—if he says he didn't—

A. I didn't forge any prescriptions in California.

Q. You were arrested and convicted there according to that for possession of a controlled substance?

A. Well, what I was arrested for in California had to do with credit cards. That's what I got sentenced over.

Q. And in Daytona Beach, Florida?

A. Yeah, that was dropped.

Q. And in Leland, Florida?

A. That's the same thing, same place.

MR. SHAW: Can we approach the bench. I'm going to have to ask for a mistrial.

Defendant's lawyer asked for a mistrial for the reason Defendant was not convicted in Florida of anything. The trial court denied the mistrial but did instruct the jury to disregard the question of whether or not he had been arrested in Florida.

Ordinarily it is impermissible for the prosecutor to use prior arrests that do not result in a conviction for impeachment purposes. *See State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979). The instant case is distinguishable from *Dunn* in several crucial areas. As in the later case of *State v. Alexander*, 706 S.W.2d 21 (Mo. banc 1986), the objection in this case was *sustained* and the jury immediately instructed to disregard. In *Dunn* the objection was overruled and the question included a specific act, time and place of the occurrence. No such specificity was included in the prosecutor's questions both here and in *Alexander*, 706 S.W.2d at 21. The Supreme Court in *Alexander* concluded that the error of the improper question was insufficient to find an abuse of discretion in the denial of a mistrial. *See also State v. Young*, 701 S.W.2d 429, 434[6] (Mo. banc 1985), *cert. denied*, 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986).

█ Because the trial court has the best vantage point to determine the prejudicial effect, if any, from an improper question, review extends only to determining whether the trial court abused its discretion in refusing to declare a mistrial. *Young*, 701 S.W.2d at 434[6]. The trial court took immediate corrective action. The jury was instructed to disregard the question, and the subject was not mentioned again. We

cannot say such was an abuse of discretion. *State v. Caldwell*, 726 S.W.2d 780, 782 (Mo.App.1987); *State v. Humphrey*, 723 S.W.2d 427, 430[7] (Mo.App.1986). Finally, the evidence of Defendant's guilt was strong, and therefore the error, if any, was harmless and may be disregarded. *State v. Hampton*, 648 S.W.2d 162, 166[7] (Mo. App.1983).

■ For his second point, Defendant questions an instruction patterned after MAI–CR3rd 302.04 defining "reasonable doubt." He claims the "firmly convinced" definition of "reasonable doubt" fails to impress upon the jury the requisite burden in a criminal case as required by *Cage v. Louisiana*, — U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). However, our Missouri Supreme Court has stated the "firmly convinced" language "is intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt' ... 'firmly convinced is essentially synonymous with beyond a reasonable doubt.'" *State v. Antwine*, 743 S.W.2d 51, 63[12] (Mo. banc 1987). And in *State v. Turner*, 810 S.W.2d 92, 94[4] (Mo.App.1991), this court found *Cage* did not change Missouri law. Point denied.

■ Finally, Defendant states the trial court erred in failing to suppress and by admitting into evidence physical evidence obtained from Defendant's vehicle which was searched without a warrant. We disagree since the warrantless search of Defendant's vehicle was performed incident to a lawful custodial arrest.

Jim Crain, a pharmacist at the Medicine Shoppe Pharmacy in Cape Girardeau, was given a prescription to be filled for dilaudid, a controlled substance, by Defendant. Crain contacted the doctor who supposedly signed the prescription; the doctor told Crain that he did not write the prescription. Crain then contacted the authorities. Linda Koenig, a pharmacy technician at the Medicine Shoppe, gave the police a detailed description of Defendant and his truck.

The police received a second call, this time from Unnerstall's Drug Store, of someone attempting to fill a dilaudid prescription. The employee at Unnerstall's gave a more detailed description of Defendant's truck including a nearly completed license plate number.

Cape Girardeau Police Officer Randall Roddy noticed a vehicle which matched the descriptions given to him traveling the same direction as he was on Sprigg Street. Roddy called for backup and then stopped the vehicle. Officer Rodney Barker arrived to backup Officer Roddy. Roddy arrested Defendant and had him step to the rear of the vehicle. Patrolman James took the passenger and the driver away from the vehicle.

Officer Barker then conducted a search of the vehicle. Barker found the following: a prescription note purportedly signed by M.S. Woods in the sun visor on the driver's side of the vehicle, a syringe in a pocket on the driver's side door, a hunting knife in a sheath, a yellow sheet of paper with writings on it which appeared to be practice at signing doctors' names, in a console between the two front seats; a pair of sponge forceps in the glove compartment, in the rear of the vehicle a blue bag marked "Wren Lake Bank" which contained two tourniquets, alcohol cotton swabs, a prescription for dilaudid from Finney's Pharmacy in Cape Girardeau, Missouri, some spoons; a jug of distilled water, and a brown shaving kit containing a package of syringes.

Since Officer Roddy had probable cause to arrest Defendant, Officer Barker as an incident of that valid arrest was entitled to search the interior of the vehicle and any containers discovered as a result of the search. *New York v. Belton*, 453 U.S. 454, 460–461, 101 S.Ct. 2860, 2864[2–3], 69 L.Ed.2d 768 (1981).

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.