**STATE of Missouri, Respondent,**

v.

**Paul Leroy COLE, Appellant.**

No. 64508.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 18, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1994.

Application to Transfer Denied
Dec. 20, 1994.

John J. Cavanagh Jr., Paul J. Vaporean, Clayton, for appellant.

Candace L. Welch, Asst. Pros. Atty., Jefferson County, Hillsboro, for respondent.

WHITE, Judge.

A jury convicted defendant of assault in the third degree, a class C misdemeanor. Defendant appeals the judgment entered on this conviction. We reverse and remand.

Defendant was employed as a music teacher at High Ridge Elementary School. At the end of the school day, students line up in the hallways to wait for their buses. Teachers supervise the students during this period. E.D. was a student at High Ridge Elementary School when the incident at issue occurred.

On February 1, 1993, E.D. was standing in the hallway waiting for his bus. Defendant was supervising the bus lines outside of his classroom when he noticed E.D. was not wearing a coat. Defendant asked E.D, apparently two times, "where is your coat?" E.D. responded verbally[1] and continued looking down at a spelling paper. Defendant took the paper out of E.D.'s hand and put it in his shirt. Defendant would later testify he pointed his finger at E.D., someone brushed his elbow and he "accidentally" touched E.D.'s face. Defendant then told E.D. to look at him. When E.D. did not respond, defendant took E.D.'s chin and moved it toward him. Defendant claims he did not see any marks on E.D.'s face immediately after the incident. Defendant then walked back to his "bus line."

Another teacher observed part of the incident. After the incident, this teacher took E.D. to see the principal. E.D. told the principal defendant slapped him. After speaking with the principal, E.D. rode his bus home. E.D. told his mother about the incident and she called the police. The day after the incident E.D. had a bruise on the side of his face. Defendant was subsequently charged, by amended information, with assault in the third degree, a class A misdemeanor. The amended information asserted defendant attempted to cause physical injury to E.D. by grabbing his face or slapping him.

During trial, E.D., defendant and other students who were present in the hallway gave differing testimony regarding the incident. The teacher who observed part of the incident testified she saw defendant push the right side of E.D.'s face but did not see defendant slap E.D. Defendant testified he accidentally touched E.D. but did not slap him. During cross-examination, the prosecutor asked defendant whether he had been involved in any other incidents which would be referred to as an accident and if he had ever been told not to touch or yell at students. The jury was instructed on the offense of assault in the third degree, a class A misdemeanor, and the lesser included offense of assault in the third degree, a class C misdemeanor. The jury found defendant guilty of the class C misdemeanor. The trial court sentenced defendant to three days in the county jail and fined him $200.

In his sole point on appeal, defendant argues the trial court erred by permitting the State to introduce evidence of defendant's prior bad conduct. Defendant contends the State improperly questioned him during cross-examination, a portion of which follows:

MR. APPLEBAUM (for the State): Your testimony is that you accidentally touched him with your finger; is that right?

DEFENDANT: It was not my intention to touch him with my finger.

MR. APPLEBAUM: Your words were that you accidentally touched him with your finger; is that correct?

DEFENDANT: I don't recall saying that.

---

1. There is conflicting testimony regarding what E.D. said to defendant.

MR. APPLEBAUM: All right. Have you ever accidentally had any other incidents with children in that school?

MR. CAVANAGH (for defendant): Your Honor, I'm going to object. That calls for something beyond the scope of the direct examination, and it's irrelevant and immaterial. It has no opportunity for the jury to hear that kind of information one way or the other.

MR. APPLEBAUM: Judge, he's opened the door by saying that this was an accidental situation, and I—

THE COURT: Wait for my ruling. Overruled. You may inquire.

MR. APPLEBAUM: Have you ever had any other accidents with children since you've been at High Ridge Elementary?

MR. CAVANAGH: [objecting].

THE COURT: I think the question may be a little broad, John [Mr. Applebaum]. You want to tighten it up a little bit, please.

MR. APPLEBAUM: Has there been any incidents at High Ridge Elementary since you've been there where you were involved where you would refer to something as an accident,—

\*    \*    \*    \*    \*    \*

MR. CAVANAGH: [objecting].

THE COURT: I'll let him answer that.

DEFENDANT: Yes.

MR. APPLEBAUM: Was that about three years ago?

DEFENDANT: I don't recall.

MR. APPLEBAUM: Well, what do you recall?

\*    \*    \*    \*    \*    \*

THE COURT: I'm going to allow that question.

MR. APPLEBAUM: Do you recall an incident three years ago that happened with you and a student?

DEFENDANT: I don't remember how long ago it was. There was an incident with a student.

The prosecutor subsequently asked defendant, over objection, whether the school principal told him, in January, 1993, not to yell at students. Defendant testified the principal spoke to him about speaking too loudly to the children. The prosecutor also asked defendant whether the principal, in August, 1991 and September, 1986, told him to avoid touching students. Defendant testified he did remember being directed, on those dates, not to touch students. Defendant did not testify regarding any specific details of the prior incidents.

■■■ As a general rule, evidence of uncharged crimes, wrongs or acts is inadmissible for the purpose of showing the defendant's propensity to commit crimes such as the crime charged.[2] *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993) (citation omitted). Although not admissible to show propensity, evidence of defendant's prior misconduct is admissible if the evidence is both logically and legally relevant. *Id.* Evidence is logically relevant if it has some legitimate tendency to directly establish the defendant's guilt for the charged crimes. *Id.* Evidence is legally relevant if its probative value outweighs its prejudicial effect. *Id.*

■■■ Generally speaking, evidence of other uncharged misconduct has a legitimate tendency to prove the specific charged crime when it tends to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan; or (5) the identity of the person charged with the commission of the crime on trial. *Id.* The State argues defendant "injected the defense of accident." During direct examination, defendant testified "I was pointing my finger at him [E.D.]; and someone brushed my elbow or something, I don't know what, but I accidentally touched him, and I was concerned because my fingernail is long and I was

---

**2.** The rule covers "any wrongdoing that could have been the subject of a criminal charge and probably covers other wrongful acts and conduct to the extent that it conveys to the jury the type of prejudice that accompanies a disclosure that the defendant has engaged in criminal conduct."

*State v. Sladek,* 835 S.W.2d 308, 313 n. 1 (Mo. banc 1992) (Thomas, J., concurring); *see also State v. Coutee,* 879 S.W.2d 762, 767 (Mo.App. S.D.1994); *State v. Kitson,* 817 S.W.2d 594, 597–98 (Mo.App.E.D.1991).

afraid that I might have scratched his cheek." The State contends the questions regarding defendant's prior misconduct were proper because these questions would tend to establish absence of accident.

Defendant did not testify regarding specific details of the August, 1991 and September, 1986 incidents. It is impossible to determine whether these prior incidents would tend to establish absence of accident. These prior incidents could be so factually distinguishable as to not be logically relevant. The difficulty with the prosecutor's questions and defendant's answers is the jury could infer defendant had previously hit or inappropriately touched students. Nothing in the record indicates this did in fact occur. The jury could also infer defendant was involved in incidents more serious than the incident at issue. The term "touch" can be interpreted in different ways. The jury could interpret the school principal's direction to defendant to avoid touching students as meaning defendant was involved in incidents of a sexual nature. In addition, the school principal's statement to defendant not to yell at students does not demonstrate absence of accident. Defendant was charged with assault and the fact, if true, he yelled at students does not legitimately tend to establish his guilt for the charged crime.

The prejudicial effect of questioning defendant regarding prior misconduct was high. The jury could infer because defendant had been involved in prior incidents with students and directed not to touch or yell at students, he committed the charged crime. The trial court erred by permitting the prosecutor to question defendant about prior acts of misconduct.

The State also argues it could inquire into specific acts of defendant's prior misconduct to impeach his credibility. The State contends defendant "opened the door" by testifying he accidentally touched E.D.'s face. We disagree.

By testifying, defendant was subject to cross-examination which tended to impeach his credibility, but he was not subject to uninvited interrogation regarding prior misconduct. *State v. Carothers,* 710 S.W.2d 370, 371 (Mo.App.E.D.1986). The

Missouri Supreme Court has held the State cannot ask a defendant about unrelated criminal misconduct. *State v. Dunn,* 577 S.W.2d 649, 653 (Mo. banc 1979). Merely asking a defendant about prior misconduct which is purely collateral can result in prejudice requiring reversal of a conviction. *Id.* at 652. In the present case, the prosecutor questioned defendant about purely collateral matters, in particular whether defendant was ever told not to touch or yell at students. The prosecutor's improper cross-examination resulted in substantial prejudice to defendant. *Id.* at 653.

The judgment is reversed and the cause remanded for new trial.

SMITH, P.J., and PUDLOWSKI, J., concurs.