**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Russell L. GOLLAHER,
Defendant-Appellant.**

**No. 43207.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 12, 1982.

Arthur S. Margulis, William P. Grant, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Madeleine O. Birmingham, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Defendant appeals from his conviction of perjury, § 575.040, RSMo 1978. Defendant's sole point on appeal is that the trial court erred in denying defendant's motion to suppress evidence obtained by a warrantless police search. The judgment is affirmed.

Defendant does not challenge the sufficiency of the evidence. Defendant owned and operated Baden Car Parts Body Shop. Defendant claimed that in April, 1978 he made repairs worth $3,201 on a 1976 Oldsmobile automobile owned by Henry A. Goodin III. Defendant held the car under a statutory artisan's lien, § 430.020, RSMo 1978, because Goodin had not paid him for the repairs. The Citizens Bank of University City held a purchase money security interest in the automobile. In June of 1978 the bank decided to repossess the car because Goodin failed to keep up the payments.

In November, 1978, the bank filed a claim on an insurance policy covering its interest in the car. The insurance adjuster inspected the car and found that, in his opinion, far less than $3,201 worth of work had been done. The adjuster subsequently communicated with the police.

The bank then filed an ex parte replevin action and the Circuit Court of the City of St. Louis, Division One, issued a writ based on the bank's affidavit. On March 28, 1979 the writ was executed and the bank took possession of the car. The trial court held a hearing on the matter on April 25, 1979.

The day before the hearing the police, without a warrant, but with the bank's consent, searched the car and seized evidence indicating that very little of the claimed repair work had been done. Based on the evidence found in this search the officers later secured a warrant and seized the automobile.

At the April 25 hearing defendant testified under oath that he made all the claimed repairs. Based on this statement and, primarily, the evidence obtained during the police searches and seizure of the car the jury found defendant guilty of perjury and conspiracy to steal more than $150.00. The trial court granted defendant's motion for a new trial on the conspiracy charge. Defendant was sentenced to 60 days on the perjury conviction.

Before defendant can object to a warrantless search or seizure in violation of the Fourth Amendment to the United States Constitution, he must establish that he has a legitimate expectation of privacy in the area searched or the thing seized. That is, he must establish that his Fourth Amendment rights were violated. *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 428, 58 L.Ed.2d 387 (1978). Defendant has failed to do this. Defendant's only interest in the car is a statutory artisan's lien. Such an interest is only a right to possess the car in order to secure payment of the debt. § 430.020, RSMo 1978.

Defendant's interest relates primarily to the debt and not to the car itself. Even if

defendant had had possession of the car at the time of the first search, his interest in the car would still be purely as collateral to secure the debt. Such an interest would not be the kind of right to ownership, control, or use that would raise in him a legitimate expectation of privacy in the car. *See Rawlings v. Kentucky, supra; Rakas v. Illinois, supra.*

Since defendant had no legitimate expectation of privacy in the car, the searches could not have violated his Fourth Amendment rights. The trial court, therefore, properly denied the motion to suppress. The judgment is affirmed.

REINHARD, P.J., and CRIST, J., concur.