**STATE of Missouri, Respondent,**

v.

**Ronald BRITT, Appellant.**

**No. 44910.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

James C. Jones, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Cir. Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Defendant Ronald Britt was jury-convicted of possessing burglary tools. Section 569.180 1. RSMo. The trial court sentenced him as a persistent offender to five years in prison.

The state's unchallenged evidence: Two retail stores were burglarized; police were alerted by burglar alarms; they followed and stopped a speeding, blacked-out, stolen car driven by defendant; inside were several burglary tools, two of which compared with marks on the burglarized stores. Defendant offered no evidence.

Here defendant makes three challenges: He should have been discharged because he was not tried until 246 days after arrest. The burglary tools were illegally seized. And the court erred in finding he was a persistent offender because it made no finding of prior convictions. These in turn.

■ As said, defendant claims he was entitled to discharge because not brought to trial for 246 non-excludable days, thus 66 days beyond the 180 day limit of Section 545.780 RSMo. To be dismissed under that statute a defendant must have moved for relief before trial and show the delay was caused by the state. *State v. McClure*, 632 S.W.2d 314[1] (Mo.App.1982).

■ Granting deference to defendant's point as plain error we look to the trial court record. It held a sua sponte hearing on the causes of delay. Much of it was caused by the defendant. He discharged his first two attorneys and a third was appointed. Five delays were requested by defense counsel, one by the state and one on the court's own motion. A prolonged delay was to give defendant his requested mental examination. The record supports the state's conclusion that delays of only 155 days were caused by the state, well within the 180 day limit. Defendant fails to meet his burden to show excessive delays were

**568**

caused by the state. Compare *State v. Newberry,* 605 S.W.2d 117[9] (Mo.1980).

We deny defendant's initial point and consider his second, that the court should have granted his pre-trial motion to suppress seized tools. Citing only federal cases, he contends the state's seizure of burglary tools was wrong because without probable cause.

Defendant did not renew this illegal seizure objection at trial, and a tire iron tip, a chisel and a flashlight were admitted. Absent trial objection defendant waived this claim of illegal seizure. *State v. Thompson,* 490 S.W.2d 50[2] (Mo.1973).

And, viewed as plain error defendant lacked standing to complaint. This because the car he was driving had been stolen, so he had no valid expectation of privacy. *State v. Gollaher,* 628 S.W.2d 365[1, 2] (Mo.App.1982) and *State v. Nichols,* 628 S.W.2d 732[1, 2] (Mo.App.1982).

By his final point defendant challenges the five year persistent defendant sentence. This, he contends, because the trial court failed to follow Section 558.021 1(3) RSMo. requiring findings of fact showing defendant to be a persistent offender. The challenged judgment showed three prior felony convictions and declared the court "finds defendant has been convicted of at least two (2) prior felonies and is subject to Second Offender Act." Thus, we hold the challenged judgment did adequately find defendant was a persistent offender. Compare *State v. Moland,* 626 S.W.2d 368[12] (Mo.1982).

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.