**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert Edward FAULKENBERRY,
Defendant-Appellant.**

**No. 48129.**

Missouri Court of Appeals,
Eastern District, Division Four.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Robert B. Ramsey, St. Louis, for defendant-appellant.

Gordon Ankney, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

Appellant Robert Edward Faulkenberry was found guilty by a jury of assault third-degree in violation of § 565.070.1 RSMo 1978. The complaining witness was his ex-wife. The judge assessed a $750.00 fine as punishment.

Appellant raises twelve lengthy points on appeal, but it will. be unnecessary to discuss all of them. The cause is reversed and remanded for a new trial because of the erroneous admission of evidence which occurred during the cross-examination of appellant.

One of appellant's points alleges error in the denial of his motion for judgment of acquittal at the close of the state's case because the state failed to make a submissible case. Reviewing the evidence in the light most favorable to the verdict, this court finds that there was sufficient evidence for submission of the charge to the jury. *State v. Turner,* 623 S.W.2d 4, 6 (Mo. banc 1981).

The jury could have found that around midnight on January 17, 1983 appellant telephoned his ex-wife from the Sunset Hills police station where he was being held on a charge of driving while intoxicated. Elizabeth Faulkenberry, the ex-wife and the complaining witness, and David Faulkenberry, son of appellant and Elizabeth, went to the Sunset Hills police station and arranged for the release of appellant.

They left the police station in two different vehicles and drove to appellant's house. Appellant and Elizabeth went to the bedroom where Elizabeth suggested that appellant remove his clothes and get into bed. Appellant, according to Elizabeth's testimony, physically restrained her from leaving the bedroom for about an hour and after she escaped, knocked her all the way across the room.

David testified that appellant then picked up a metal rod, which David thought was a poker, and threw it at the door frame and wall. There was no testimony that appellant hit either Elizabeth or David with the poker.

There was also testimony that Elizabeth and appellant struggled in the backyard after leaving the house and that appellant was restraining Elizabeth physically when two deputy sheriffs arrived. Appellant released Elizabeth when one of the deputies told him to do so. The deputies had been notified of the situation by David who had driven to an establishment at High Ridge where he said he knew he would find law officers.

David had requested that the officers come to the Faulkenberry residence. When the deputies first saw Elizabeth, she had dried blood on her lips and mouth and minor abrasions or contusions on her arms.

There was conflicting evidence from the appellant, but a thorough review of the transcript shows that there was sufficient evidence to take the case to the jury. *State v. Simmons,* 494 S.W.2d 302 (Mo. 1973).

In appellant's second point he asserts the trial court erred in allowing the introduction of certain evidence. This court finds that it was error to allow the state to question appellant about being a professional gambler. The error was not harmless. Therefore, the cause must be reversed and remanded for a new trial.

On cross-examination the prosecutor asked appellant what he did for a living. He then asked whether appellant had ever put another occupation down on an income tax return. Appellant objected to the question because it was beyond the scope of direct examination, and the court sustained the objection.

The prosecutor then asked, "Did you put down you were a professional gambler?" Appellant answered, "I do not recall."

In a side bar conference at which defense counsel objected to the professional gambler question, the court said it was the state's right to question the witness's credibility and denied the mistrial which defense counsel had requested. The state then asked another question about appellant's being a professional gambler to which appellant replied that he had never had a profession in gambling.

"The extent of cross-examination rests largely at the discretion of the trial court and an appellate court will not interfere unless the discretion is abused. *State v. Whipkey,* 358 Mo. 563, 215 S.W.2d 492 (1948)." *State v. Dunn,* 577 S.W.2d 649, 653[3, 4] (Mo. banc 1979). In the case under review the trial court abused its discretion.

A question asking whether a defendant had stolen property from an automobile in St. Louis County was held to be prejudicial error by the Supreme Court in *State v. Dunn, supra.* The prosecutor's question about appellant's being a professional gambler was similarly erroneous.

The Supreme Court said:

Thus, it is seen that although a defendant testifying in his own defense may, as a general proposition, be impeached the same as any other witness, nevertheless, a court should, on objection being made, limit certain cross-examination of a defendant where the cross-examination is technically purely collateral as to general credibility and the nature is such as to impair the defendant's right to a fair trial on the charge brought against him.

This does not apply to prior convictions of criminal offenses.

*State v. Dunn, supra* at page 653[1].

The cross-examination concerning being a professional gambler was purely collateral to appellant's credibility. It impaired appellant's right to a fair trial on the assault charge.

Appellant's occupation was not relevant to the case. The question was obviously intended to show that appellant was a man of low moral character. It impaired appellant's right to a fair trial. His character was not at issue. Gambling is illegal in Missouri. Appellant's answer, if it had been in the affirmative, might have exposed him to a criminal investigation. The cause is reversed and remanded on this point.

In his second point relied on appellant also refers to other evidentiary rulings which were arguably erroneous and prejudicial to appellant. It will be unnecessary to discuss the other rulings in detail because upon retrial the evidence may not be presented in exactly the same manner. It is likewise unnecessary to speak to the other points advanced by appellant except for his speedy trial complaint.

■ Appellant argues the trial court erred in not dismissing the charge because he was not brought to trial within 180 days after arraignment as required by § 545.780 RSMo.1978 (Repealed 1984). The delay which resulted from hearings on defendant's pretrial motions is excludable in calculating the 180 day period. *State v. Britt,* 651 S.W.2d 566 (Mo.App.1983). That delay brought the time within which the defendant was tried well within the 180 day requirement.

The judgment is reversed and the cause remanded.

SMITH, P.J., and SATZ, J., concur.