**STATE of Missouri, Respondent,**

v.

**Wesley Bryan CLAYBURNE, Appellant.**

No. 40719.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1979.

Henderson, Heagney & Thomas, Philip Heagney, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant incurred a jury conviction for the offense of carrying a concealed weapon,

in violation of § 564.610 RSMo.1969. The trial court imposed a five year sentence pursuant to the Second Offender Act.

On appeal, defendant contends the prosecution went astray in its cross-examination of defendant on a collateral offense for which there was no conviction. We agree and, necessarily, reverse.

When defendant chose to testify, he placed his credibility in issue. However, the prosecution exceeded the bounds of proper cross-examination by intimating the existence of certain facts which tended to implicate defendant in a prior offense for which he received no conviction. It has been well established that the credibility of a witness may not be attacked by showing a mere arrest, investigation or criminal charge which did not result in conviction. *State v. Sanders*, 360 S.W.2d 722, 725 (Mo. 1962).

On direct examination, defendant stated that he did not have a gun during the evening of the alleged offense which is the subject of this appeal, nor did he own a gun. Without any further invitation, and contrary to *State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979), the prosecution cross-examined as follows:

"Q And you indicated, I think in response to Mrs. Moran's question, that you had never owned a gun; is that correct?

A Correct.

Q And that you had never had a gun before?

A That's correct.

Q Is that right?

A Yes.

Q Do you ever recall making a statement to a police officer that you did in fact have a gun with you at Pruitt School on May 2nd of 1977 in a little small suitcase?

A I don't understand.

Q The question is: Do you ever recall making a statement to a police officer that you had—

MRS. MORAN: Well, your Honor, I object to that question, and I would ask leave to approach the bench."

Defense counsel objected to this line of questioning as, "getting into the area of some kind of uncharged crime." The trial court sustained the objection, overruled defense counsel's motion for mistrial, and directed the prosecutor to rephrase the question. The prosecuting attorney was then permitted to continue cross-examination as follows:

"Q (By Mr. Brandt) Mr. Clayburne, directing your attention back to May 2nd of last year, 1977, did you have with you at Pruitt School a .32 caliber pistol?

A No, I did not.

Q You did not. Did you see on that particular date with a principal a .32 caliber pistol?

A Correct.

Q In a small suitcase?

A Not in the suitcase.

Q Was it close to a suitcase when you saw it?

A Correct.

Q Did you ever make the statement either to the principal or anyone else there that day that the gun in fact was yours and that you were cleaning your locker out and that you had it in that suitcase?

A No, I did not.

\*　　\*　　\*　　\*　　\*　　\*

Q (By Mr. Brandt) Mr. Clayburne, you then deny that you had a gun there at school that day?

A Correct.

Q Okay. You have never owned a weapon?

A Never owned a weapon.

Q Never owned this one (indicating)?

A Never saw it before.

Q Never saw it before that particular evening; right?

A That's correct.

MR. BRANDT: I have nothing further."

The State was precluded, on cross-examination, from showing a collateral issue of prior illegal possession of a gun where such possession resulted only in an

arrest and not a conviction, and where defendant, on direct examination, did not invite such impeaching evidence.

Even if defendant "opened the door" on direct examination, the State was bound by defendant's answer that he had not illegally possessed a gun on a prior occasion, because such possession had not resulted in a conviction. At that point the inquiry should have stopped. The prosecutor was remiss in pressing for further details concerning a gun which had no relevance to the offense charged.

The error was then compounded by the State's introduction of rebuttal evidence on the prior gun possession. Section 491.050 RSMo.1969. *State v. Charles*, 572 S.W.2d 193, 195–196 (Mo.App.1978).

Defendant's final point that the state failed to introduce competent evidence as to the element of concealment has no merit. Having found reason to reverse this case, we do not deem it necessary to further consider defendant's last contention.

Reversed and remanded for new trial.

DOWD, P. J., and REINHARD, J., concur.