Billy HOLLINGSWORTH, Appellant,

v.

Harold Scott QUICK, and Hunt Midwest Entertainment, Inc., Respondents.

No. WD 40522.

Missouri Court of Appeals, Western District.

March 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied June 13, 1989.

John Kurtz, Popham, Conway, Sweeny, Fremont and Bundschu, P.C., Kansas City, for appellant.

Fred Bellemere, III, and Paul G. Schepers, Burrell, Seigfreid and Bingham, P.C., Kansas City, for respondents.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Billy Hollingsworth sued Hunt Midwest Entertainment, Inc., and its employee, Harold Quick, in an eighteen count petition for damages. The claims were based on counts for false arrest, outrageous conduct, mental distress, prima facie tort, malicious prosecution, battery and negligent hiring. The trial court entered summary judgment for the defendant Hunt Midwest on the negligent hiring claim and plaintiff submitted his case to a jury on the counts for false arrest, malicious prosecution and battery. The jury returned its verdicts for the defendants on the claims of malicious prosecution and battery but returned a verdict for Hollingsworth on the count for false arrest and awarded him $5,000.00.

No appeal has been taken from the judgment returned for plaintiff. Hollingsworth seeks a new trial on the negligent hiring, malicious prosecution and battery claims

and also contends he should have been permitted to submit a claim for punitive damages.

The incident out of which this suit arose occurred the night of August 1, and early morning of August 2, 1984 in an automobile parking area provided for patrons of Worlds of Fun, an amusement park operated by Hunt Midwest. On the evening in question, Hollingsworth and four companions, including one Michael Garrett, were in an automobile being driven out of the Worlds of Fun parking lot at the hour of the park's closing. Traffic was being directed toward the exits by attendants employed by Hunt Midwest, one of whom was respondent Harold Quick. In the course of directions Quick gave to the driver of the Hollingsworth vehicle, an argument developed between Quick and the occupants of the Hollingsworth vehicle, eventually resulting in a physical altercation between Quick and Hollingsworth, Garrett and others in Hollingsworth's group. Police and park rangers arrived, separated the combatants and took Hollingsworth and Garrett into custody.

At the time of the incident, Hollingsworth was fifteen years of age. He was first held at the Worlds of Fun administration building but, because of his age, he was taken to the Clay County Detention Center in the early morning hours of August 2. He was subsequently transferred to the Jackson County Juvenile Court which retained jurisdiction over him until November 20, 1984 when proceedings against him were dismissed.

The facts of the confrontation were in sharp dispute. Plaintiff's evidence was that Quick was abusive in his language toward those in the Hollingsworth car and that Quick physically pulled Hollingsworth from the car and hit him with a flashlight. According to the defense, however, a verbal exchange began when Quick observed the Hollingsworth car pull out of a line of vehicles and attempt to take another route to the exit. When intercepted by Quick, the car then pulled into a position blocking traffic and after further words, Hollingsworth and his companions attacked Quick.

When the police officers arrived, Quick was prone on the ground, was being beaten with the flashlight by Garrett and kicked by Hollingsworth.

In his first point on appeal, Hollingsworth argues that the trial court erred in refusing to submit to the jury the negligent hiring claim. He says there was a genuine issue of material fact to be resolved as to whether Hunt Midwest should have known Quick had dangerous proclivities to commit violence. This allegation was based primarily on an incident which occurred June 16, 1983 when Quick was employed as a convenience store manager. He was charged in the Kansas City Municipal Court with an attempt to inflict bodily injury on one Jackie Moore by pointing a gun at him and threatening to kill Moore. Quick pleaded guilty to the charge on February 22, 1984, he was fined $200.00 and was placed on probation. A civil suit was later filed against Quick's employer and was settled.

The claim in the present case contended that Hunt Midwest made no inquiry into Quick's background and therefore the June 16, 1983 incident was not revealed. A submissible case of negligent hiring under these facts would also assume that Quick's conviction for an attempt to inflict bodily injury would disqualify him for employment as a parking lot attendant by a prudent employer having knowledge of the fact. We reach no conclusion as to whether that assumption is valid.

The trial court found on plaintiff's evidence that Hunt Midwest had no actual knowledge of Quick's municipal court conviction and had no duty based on the information it had at the time of Quick's employment to make any further inquiry. In making its ruling, the trial court relied on the following facts. Quick was first employed at Worlds of Fun for the 1983 season. As a prelude to his employment he completed a questionnaire which inquired as to whether he had been convicted of a crime. His response was in the negative. At the conclusion of the season, Quick's work was rated by his supervisors as satisfactory. Quick again applied for employ-

ment in the 1984 season and he was re-hired. Hunt Midwest records for the 1983 and 1984 seasons up to August, 1984 showed no complaints about Quick's performance and he was regarded as a satisfactory employee.

Hollingsworth contends Hunt Midwest had a duty to search court and police records for incidents of Quick's misconduct before re-engaging Quick's services in 1984. He says he was entitled to have a jury decide if Hunt's failure to do so was negligent and that the court erred when it took that issue from the jury.

The cause of action for negligent hiring was tacitly recognized in *Strauss v. Hotel Continental Co.*, 610 S.W.2d 109 (Mo.App. 1980). In that case, however, as in the present case, the court held that facts known to the employer at the time the employee was hired created no duty to make inquiry beyond the employment information supplied. Under *Strauss*, if the only claim of negligence is the failure of the employer to investigate an employee's criminal record, no case of liability is made.

The thesis of plaintiff's claim for negligent hiring rests upon the proposition that all employers have a duty to consult police and court records before hiring an employee whose duties involve contact with the public. According to plaintiff, an employer who fails to make such an inquiry, even though not alerted to do so by circumstances or information associated with a particular job applicant, may be held liable if the employee later becomes involved in a confrontation such as occurred in this case. No case has been cited or found upon independent research which adopts such a proposition. Indeed, the express holding in *Strauss* is to the contrary.

Hollingsworth does cite *Gaines v. Monsanto Co.*, 655 S.W.2d 568 (Mo.App.1983), but in that case the plaintiff alleged not only that the employee had convictions for rape and assault, but the employer knew the employee had made improper and offensive advances toward fellow employees and yet did nothing when in possession of actual knowledge that retention of the em-ployee created a potential hazard to those with whom he came in contact.

■ In the present case, Hunt Midwest had taken an employment application from Quick in 1983 which accurately stated that Quick had no criminal convictions. A season's work experience had demonstrated that Quick was a satisfactory and reliable employee in his work area as a parking lot attendant. Nothing within the knowledge of Hunt Midwest in 1984 gave any cause for an investigation of court records as a condition for the re-employment of Quick. The trial court correctly held that no cause of action for negligent hiring was made.

■ Yet a further reason requires that Hollingsworth's claim be rejected. As was noted above, the jury in this case returned a verdict in favor of Quick and against Hollingsworth on the petition count for battery. The jury therefore implicitly found that Quick had committed no assault on Hollingsworth, apparently concluding that Quick was the victim rather than the assailant. It was an essential element of Hollingsworth's claim against Hunt Midwest for negligent hiring that Hollingsworth recover on his claim against the employee, Quick, else there could have been no injury in consequence of the alleged negligent hiring. *Ransom v. Adams Dairy Co.*, 684 S.W.2d 915, 920 (Mo.App.1985). Having failed to prevail on his underlying claim against Quick, Hollingsworth was necessarily precluded from any recovery against Hunt Midwest and he could therefore not have been prejudiced when the court refused to submit the negligent hiring claim.

In his second point, Hollingsworth contends that the trial court erred when it denied him the right to introduce evidence that respondent Quick had, as noted above, pleaded guilty in the Kansas City Municipal Court to the offense of pointing a gun at and threatening a person in a convenience store where Quick was employed in 1983. Hollingsworth argues that the conviction which resulted was evidence admissible as bearing on Quick's credibility as a witness.

■ Conviction of a municipal ordinance violation is not regarded as a criminal con-

viction for purposes of impeachment as contemplated by § 491.050, RSMo 1986. *Commerford v. Kreitler*, 462 S.W.2d 726, 733 (Mo.1971). Municipal court convictions unrelated to issues in the case on trial are therefore generally inadmissible.

■ In this case, the fact that Quick had on a previous occasion exhibited a firearm in a threatening manner did not tend to prove or disprove Quick's propensity to speak truthfully and such evidence was therefore properly excluded. Hollingsworth contends further, however, that the evidence should have been received as a prelude to further evidence that Quick had been placed on probation. From this Hollingsworth proposed to argue that Quick was motivated to deny an assault on Hollingsworth because such an act would violate the terms of Quick's probation.

Appellant cites no case authority for this proposition and there appears to be none. If the purpose of admitting evidence that a witness has a criminal conviction be to demonstrate an inclination toward his dishonesty, it does not follow that severity or leniency in the sentence which was imposed bears at all on the issue. Whether the witness received a short or lengthy sentence simply has no probative effect on the issue of credibility. It also follows that the fact probation was granted is similarly irrelevant.

■ Appellant cites a number of cases in which impeachment evidence was admitted, but the key to each was approval of the discretionary authority vested in the trial judge to determine what evidence may be admitted for purposes of impeachment and what may be excluded. In the subject case, the trial judge exercised his discretion to exclude the proof that Quick had been convicted of a municipal ordinance violation a year earlier. Even assuming for purposes of the point that the evidence was

relevant and admissible, the trial judge was entitled to conclude, in the exercise of his discretion, that the value of the evidence for impeachment was outweighed by the danger that it would inject a false issue in the case, would confuse the jury and would unduly prejudice the defendants. We are unwilling to say on the facts of this case that the exclusion of the evidence amounted to an abuse of the court's discretion. The point is denied.

The third point appellant presents charges the trial court with error in permitting the defense to recall witness Michael Garrett after he had completed his testimony as plaintiff's witness and after the defense had concluded its cross-examination. The facts as to this aspect of the case are as follow.

Garrett was called as a witness for plaintiff and testified generally in support of Hollingsworth's version of the confrontation with Quick. According to Garrett, Quick had been the aggressor and Garrett and Hollingsworth had merely been defending themselves against an unprovoked attack. After Garrett had completed his evidence and had been excused, but before the defense had rested, defense counsel learned that Garrett had been charged in the municipal court with an assault upon Quick, the charge arising out of the August 1 affray, and Garrett had pleaded guilty. The defense sought and was granted leave to recall Garrett to question him about his court appearance. In response to questioning by defense counsel, Garrett denied entering the guilty plea. Apparently assuming that the court records would be produced, plaintiff's attorney pursued the questioning and Garrett then admitted that he had in fact pleaded guilty to the charge.

■ Appellant has preserved for judicial review[1] only the contentions that the

**1.** Appellant argues in his brief that municipal court convictions are not admissible as impeachment. The point was not preserved because not included in the motion for new trial. Nonetheless, the point is without merit. Because of the manner in which Garrett's questioning on his second appearance was conducted, as noted above, he was not impeached by

defense counsel's inquiry. If, however, the sequence be regarded as impeachment, the municipal court conviction was not offered, as was Quick's, to bear on the general subject of the witness's credibility, but to show Garrett's prior admission exonerating Quick from responsibility for the altercation which was the cornerstone

questioning was improper impeachment by the defense of its own witness and that the trial court abused its discretion in permitting recall of a witness who had been excused.

Appellant's argument as to impeachment of Garrett overlooks the fact that Garrett was a hostile witness who undertook to bolster Hollingsworth's own claim of an attack by Quick. Irrespective of that, however, the fact is that Garrett's testimony given earlier was not impeached by defense interrogation, when Garrett denied his guilty plea, but by questions which the appellant's counsel put drawing out the admission. If Garrett was properly recalled, there can be no validity to the claim of error in questions defense counsel asked because Garrett was not thereby impeached.

As to the recall of the witness, defense counsel explained to the court that information about Garrett's guilty plea had only been obtained after Garrett had concluded his original testimony. The trial judge found the evidence to be relevant and material and exercised the court's discretion to allow the defense to recall Garrett. The trial court has broad discretion to permit the recall of a witness. *Callicoat v. Acuff Homes, Inc.*, 723 S.W.2d 565, 569 (Mo.App.1987). In the circumstances here, we find no abuse of that discretion.

In his final point Hollingsworth charges error in the refusal of the court to submit his count for punitive damages on the claim for false arrest. Relevant to this issue are the facts that other employees and agents of Hunt Midwest, not Quick, accomplished the detention of Hollingsworth. The record is barren of any proof at all that those persons, namely Thomas Marquis and Harold Foster, exhibited any spite or ill will toward Hollingsworth. To recover punitive damages in a case of false arrest, the plaintiff must prove malice as defined in *Sanders v. Daniel International Corp.*, 682 S.W.2d 803, 810–11 (Mo. banc 1984). *Stewart v. K-Mart Corp.*, 747 S.W. 2d 205, 208–09 (Mo.App.1988). That proof

must entail a showing of ill will, spite or a grudge either toward the injured person or toward all persons in the group of which the injured person is a member. Because appellant here offered no such proof, no claim for punitive damages was made. The court correctly refused to submit that issue to the jury.

The judgment is, for the reasons stated, affirmed.

All concur.

of Hollingsworth's case. The court did not err in admitting that evidence.