STATE of Missouri, Respondent,

v.

Edward MILLER, Defendant/Appellant.

Edward MILLER, Movant/Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57606, 58530.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 24, 1991.

**554**

Melinda Kay Pendergraph, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant was found guilty by a jury of seven sex crimes involving a minor. He was sentenced as a prior and persistent offender to a total of 165 years in prison. His Rule 29.15 motion was dismissed without an evidentiary hearing. We affirm defendant's convictions and remand the dismissal of his Rule 29.15 motion for further proceedings.

Since defendant does not challenge the sufficiency of the evidence, the sordid facts may be stated briefly. In 1988, defendant began to reside in the home of Walter John and Deborah Beck and their two children, Walter Joseph and Elizabeth. Elizabeth testified that when she was eleven or twelve years old, defendant had sexual intercourse and performed acts of sodomy with her. She also stated that on different occasions, defendant took her to see three male friends of his. She performed sex acts with these men and they gave money to defendant. Two of these men testified and admitted they engaged in sexual acts with Elizabeth when defendant brought her to them. A physical examination of Elizabeth disclosed findings consistent with a history of chronic sexual abuse. Defendant denied having sexual intercourse with Elizabeth. He testified that she attempted to seduce him by removing her clothing and kissing him. He claimed that he rejected her advances. He admitted taking her to visit the three men and that she engaged in sexual acts with them, but he denied receiving any money from them.

Defendant was charged with rape, four counts of sodomy, three counts of promoting a sexual performance by a child, one count of sexual abuse by reason of taking nude photographs of Elizabeth, and one count of sexual abuse in the third degree by reason of sexual contact with Walter Joseph. The jury found defendant guilty of rape, three counts of sodomy, and three counts of promoting sexual performance by a child. The jury acquitted defendant on the count charging sexual abuse in the third degree with Walter Joseph and could not agree on verdicts on the count charging anal sodomy with Elizabeth and the count charging abuse by taking photographs of her.

## I.

In his first point on appeal, defendant charges trial court error in the admission of rebuttal testimony. On cross-examination, defendant denied that he had ever "hustled young girls." On rebuttal, the State was permitted, over defendant's strenuous objection, to introduce the testimony of one Paula Martz, who testified that eight years before trial, when she was thirteen years old, defendant asked her to have sex with men for money. She refused. Four years later, when she was seventeen, defendant took her to have sex with one of the same men to whom he had taken Elizabeth for the same purpose.

The State argues that the admission of this rebuttal testimony was proper to impeach defendant's denial of "hustling" young girls and as evidence of a common scheme or plan. We disagree with both contentions.

At the outset, we note that the cross-examination of defendant concerning the "hustling" of other young girls was improper. By taking the witness stand in his own behalf, the defendant exposed himself to cross-examination tending to impeach his credibility, but he did not open the door to uninvited interrogation regarding prior acts of unconvicted misconduct. *State v. Carothers*, 710 S.W.2d 370, 371 (Mo.App. 1986). The Missouri Supreme Court has held that the mere asking of a defendant a question during cross-examination pertaining to his commission of an uncharged crime constitutes such egregious prosecutorial misconduct that reversal is required. *State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979). The prejudicial effect is even more substantial where the alleged prior acts of misconduct, upon which the question is based, are similar to the case on trial. *Id.* at 653; *State v. Cleveland*, 583 S.W.2d 263, 266 (Mo.App.1979). However, defendant did not object to this cross-examination at trial and does not assert it on appeal.

An issue properly before us is the State's attempt to utilize the improper cross-examination as a justification for the admission of the rebuttal testimony. Even if the cross-examination had been legitimate, this effort would fail. The question concerning defendant's misconduct with other young girls introduced an issue collateral to that of defendant's conduct toward Elizabeth. Defendant's denial of the questioned misconduct is binding upon the State and further inquiry or extrinsic proof thereof is precluded. *State v. Carothers*, 710 S.W.2d at 371.

We also reject the State's argument that the rebuttal testimony was properly admitted under the common scheme or plan exception to the rule against admission of evidence of prior uncharged crimes. Literally, the common scheme or plan exception applies to evidence of a defendant's commission of other crimes related in a series or sequence to the accomplishment of a single, overall objective. The phrase has also been used to justify the admission of evidence of other crimes which are so peculiarly identical as to point unerringly to an identical perpetrator. This latter application, however, is limited to the presentation of the evidence as having probative value on the issue of identification. *See,* Imwinkelried, *The Plan Theory for Admitting Evidence of the Defendant's Uncharged Crimes: A Microcosm of the Flaws in the Uncharged Misconduct Doctrine,* 50 Mo.L.R. 1 (1985). However, identification is not an issue in this case. Obviously, an eight year old solicitation of one act of prostitution and a four year old incident involving a seventeen year old girl fail to reflect a series or sequence of acts toward the accomplishment of an overall objective. Moreover, even if the evidence was admissible, it was not proper rebuttal. Defendant's objection at trial was that the evidence should have been introduced as a part of the State's case in chief. Assuming the evidence was properly admissible under the common scheme or plan exception, this objection was well taken. As noted above, the defendant's denial that he ever "hustled young girls" was binding on the State and cannot serve as a means of opening the door to evidence of prior misconduct. The admission of the rebuttal testimony of Paula Martz was error.

That conclusion, however, does not end our inquiry. We must also consider whether the presumption of prejudice from the erroneous admission of evidence is overcome by the strength of the overwhelming evidence of guilt. Where there can be no reasonable doubt that the defendant would have been found guilty without the erroneously admitted evidence, reversal is not mandated. *State v. Caudill,* 789 S.W.2d 213, 216–17 (Mo.App.1990); *State v. Harvey,* 766 S.W.2d 175, 178 (Mo.App. 1989). Defendant admitted to being involved in sexual incidents with Elizabeth, but he denied that they resulted in rape and sodomy. It is a foregone conclusion that a jury would disbelieve his testimony that he, a sixty year old man who admitted a prior conviction of contributing to the sexual delinquency of a minor, was the victim of sexual advances initiated by a twelve year old girl. Defendant admitted to repeatedly taking Elizabeth to places where he knew she was engaging in sexual conduct with his friends. Elizabeth's testimony that defendant was paid by these men for her procurement was corroborated by two of them. If this case depended solely upon the testimony of the victim, such as *State v. Courter,* 793 S.W.2d 386 (Mo.App.1990), we would have no alternative but to order a new trial because of the error in admitting the rebuttal testimony. However, the strength of the State's case, bolstered by defendant's admissions, convinces us beyond a reasonable doubt that the jury's verdict would have been no different if Paula Martz's testimony had been excluded. In support of this conclusion, we note that the jury, rather than being stampeded by the erroneous rebuttal testimony, deliberated for over five hours and demonstrated conscientious discrimination by failing to convict defendant on three of the counts charged against him. Accordingly, defendant's first point is denied.

## II.

Defendant's second point on appeal seeks reversal because of several instances of alleged improper cross-examination of defendant. With the exception of one such instance, these matters were not mentioned in defendant's motion for new trial and have not been preserved for appellate review. *State v. Hornbuckle,* 769 S.W.2d 89, 92 (Mo. banc); cert. denied 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). In view of the strong evidence of guilt in this case, we perceive no manifest injustice resulting from these relatively insignificant incidents and decline to address them as plain error.

The one incident that is preserved relates to the elicitation upon cross-examination of defendant's admission that in 1964 he was convicted of the misdemeanor offense of contributing to the sexual delinquency of a child in the State of Illinois. It is beyond dispute that the credibility of a defendant who testifies in his own behalf may be impeached by the showing of prior convictions, including misdemeanors. Section 491.050 RSMo.1986. *State v. Brewer,* 549 S.W.2d 642, 644 (Mo.App.1977). The remoteness of the conviction is not grounds for its exclusion. *State v. Cantrell,* 775 S.W.2d 319, 321 (Mo.App.1989). Contrary to defendant's contention, the record fails to show that the assistant circuit attorney improperly disclosed details of the crime. The only fact disclosed was that the child victim was fourteen years old, and this disclosure was made at the request of defendant's attorney. Point denied.

## III.

In his next point, defendant challenges the finding of the trial court that he was a prior and persistent offender, the ensuing withdrawal of the assessment of punishment from the jury, and the imposition by the court of enhanced sentences. The basis of his complaint is that the two prior convictions used to support the court's finding were 34 and 39 years old. He argues that the 1986 enactment by the legislature of § 558.019.6 RSMo.Supp.1990, which precludes the use of convictions more than twenty-five years old to classify defendant as prior offenders, should be applied throughout the earlier enacted statutory scheme establishing the procedure for enhancement of sentences of prior and persistent offenders.

Under the facts of this case, defendant's argument is irrelevant. Section 558.019.6 prohibits the use of a twenty-five year old conviction for the limited purpose of classifying a defendant as a "prior offender." Defendant was also found to be a "persistent offender", a finding not challenged on appeal. It is well within the prerogatives of the legislature to provide for a lesser minimum term of imprisonment for a defendant who has committed one crime more than twenty-five years ago than for a defendant who has committed two or more felonies at different times, no matter how ancient they may be. Point denied.

## IV.

█ The fourth and fifth grounds asserted by defendant relate to his Rule 29.15 motion. Rule 29.15(b) provides that where a direct appeal from the judgment of conviction has been filed, a post-conviction motion must be filed within thirty days after the filing of the transcript on appeal. In this case, defendant filed a premature motion on December 11, 1989. Appointed counsel subsequently filed an amended motion but noted it was filed "without benefit of the transcript which has not been prepared." The trial court overruled and dismissed this amended motion without an evidentiary hearing on April 10, 1990. The transcript on appeal was filed September 28, 1990. In *State v. White*, 798 S.W.2d 694, 696 (Mo. banc 1990), the Missouri Supreme Court established that the time limitations of the rule "shall be construed and applied as beginning at the earlier of the following two dates: the date both appointed counsel and a trial transcript has been filed in the appellate court pursuant to Rules 30.04, 81.18, and 81.19 exist, or the date both the entry of appearance by counsel not appointed and a trial transcript has been filed in the appellate court pursuant to Rules 30.04, 81.18, and 81.19 exist."

Accordingly, the dismissal of defendant's motion prior to the date of the filing of the transcript was error and the motion seeking relief pursuant to Rule 29.15 must be remanded for further proceedings, including the opportunity for appointed counsel to file an amended motion within thirty days after the filing of this court's mandate. Rule 29.15(f).

The judgment of conviction is affirmed. The judgment denying defendant's Rule 29.15 motion is reversed and remanded for further proceedings not inconsistent with this opinion.

SMITH, P.J., and SATZ, J., concur.