**Edward James MILLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 62134.

Missouri Court of Appeals,
Eastern District,
Division Seven.

May 25, 1993.

John A. Klosterman, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant, Edward Miller, appeals denial of his Rule 29.15 motion after an evidentiary hearing. He was convicted of one count of rape, three counts of sodomy, and three counts of promoting a sexual performance by a child. The total sentence was 190 years. The convictions and sentence were affirmed on direct appeal. *State v. Miller*, 821 S.W.2d 553 (Mo.App.1991). In that opinion, we remanded for consideration of the motion. We affirm denial of post conviction relief.

■ Two points were raised on appeal. The first alleges error in not finding ineffective assistance of counsel for failure to object to the state asking defendant on cross-examination about instances of prior uncharged crimes. This issue was raised and addressed on direct appeal under a different theory. *Miller*, 821 S.W.2d at 556. An issue previously considered on direct appeal cannot be relitigated in a post conviction proceeding by transforming it into a claim of ineffective assistance of counsel. *Hanes v. State*, 825 S.W.2d 633, 635 (Mo.App.1992). The motion court, therefore, correctly denied relief on this ground.

■ The second allegation of error involves defense counsel's failure to object to use of an uncounseled conviction to enhance punishment. The court's review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j). A contention that prior convictions should not have been considered because of an abuse of counsel at the prior conviction is a ground for direct appeal and cannot be made in a 29.15 proceeding absent "rare and exceptional circumstances." *Medley v. State*, 639 S.W.2d 401, 403 (Mo.App.1982).

■ No such circumstances exist in this case. This issue was submitted on direct appeal under the theory the convictions were too old. Now defendant argues he was uncounseled. While the theory changed, the issue is still whether prior

convictions should be considered. Because this issue was raised and decided on direct appeal, we will not re-decide it now. *Miller*, 821 S.W.2d at 555. Moreover, defendant presented no evidence that he was uncounseled. Therefore, there is no factual basis for us to find the motion court's ruling to be clearly erroneous. Point denied.

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.