STATE of Missouri, Respondent,

v.

**Boston CAMPBELL, Appellant.**

**Boston CAMPBELL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 61722, 63459.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1994.

---

Kessler, Soffer & Ryals, P.C., Daniel T. Dalton, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals after being found guilty of second degree murder, § 565.021.1 RSMo 1986, and armed criminal action, § 571.015.1 RSMo 1986. The court imposed sentences of twenty and ten years. Defendant claims the trial court erred in ruling he placed his character at issue when he testified and explained why he disposed of a gun. He said, "I panicked. Never been in trouble before."

Additionally, defendant claims the trial court should have submitted the reputation instruction, MAI–CR3d 310.40, sua sponte if, in fact, his character was placed at issue. We affirm.

The evidence viewed in the light most favorable to the verdict discloses that defendant worked as a mechanic at People's Auto Repair shop. While at work on January 26, 1991, defendant argued with the victim, Robert Carter, who was intoxicated. At one point in this argument, another person at the repair shop separated the two. Defendant then drove away in his car, but went only a very short distance and came back. When the argument resumed defendant pulled a .25 caliber pistol from his pocket and fired at Carter. Witnesses heard five shots, however defendant believes the number to be less. Four spent shells were recovered by police. Three bullets hit Carter, one in the face, one near the heart and one in the stomach. The bullet which hit Carter's chest area severed his aorta. He bled to death.

After the shooting, defendant yelled, "I'm tired of you guys f_____ around with me and I'm tired of this s____." Defendant then drove away and later threw the gun off the Poplar Street Bridge into the Mississippi River. The gun was never recovered. He switched cars and went to a friend's house, but later turned himself in to the police.

Defendant was tried in the city of St. Louis on February 5, 1992 for one count of murder in the second degree, § 565.021.1 RSMo. 1986, and one count of armed criminal action, § 571.015.1 RSMo.1986. A jury found defendant guilty of both counts. He was sentenced to consecutive terms of twenty years for the murder second charge and ten years for the armed criminal action charge. The court denied defendant's motions for a new trial and Rule 29.15 relief. We consider two issues on direct appeal. The Rule 29.15 ruling is not before us.

During testimony, defendant repeatedly stated he shot Carter because he believed Carter was reaching for a gun. Defendant also maintained Carter was still moving towards him in a threatening manner after being shot, which explained why he kept

shooting. The state provided witnesses that testified Carter was not carrying a gun that day, nor did he ever carry a gun. These witnesses also said Carter did not move towards the defendant in a threatening manner. The jury did not accept the defense.

During defendant's direct examination, his attorney asked, "Why did you pitch the gun?" Defendant answered, "I panicked. Never been in trouble before." The trial court ruled this response was a voluntary statement of good character which opened the door to character evidence. It did not consider whether the same evidence was admissible for impeachment. Thereafter, the court allowed the prosecution to inquire on cross examination about defendant's prior arrests. Defendant had previously been arrested four times, including three arrests for weapons violations. The trial court also denied defendant's motion in limine to prevent the prosecution from mentioning these prior arrests during closing argument.

It is the trial court's ruling on the admissibility of defendant's prior arrests which the defendant now contests. In his first point, defendant alleges his statement, "I panicked. Never been in trouble before," did not constitute evidence of his good character. Therefore, he argues he did not place his character at issue. We disagree.

"Absent clear abuse," a reviewing court will not intervene in a decision concerning the admission or the exclusion of evidence at trial. *State v. Clark*, 711 S.W.2d 928, 932 (Mo.App.1986). Trial judges possess a great deal of latitude in determining evidence admissibility, *id.,* and we will not overturn such a ruling absent an abuse of discretion. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982). The relevant issue in the instant case is whether the trial court abused its discretion in allowing the prosecution to cross examine defendant regarding his previous arrests after determining the defendant placed his own character at issue during direct examination.

We find this case directly analogous to the case of *State v. Garrett*, 813 S.W.2d 879 (Mo.App.1991). In *Garrett*, the defendant admitted to an old burglary and larceny conviction. However, while being cross examined, he added, "I ain't been in no trouble since." *Id.* at 882. At this point, the court determined the defendant had opened up the subject of his prior arrests and the prosecution could inquire into them. The substance of what was said by the defendant in *Garrett* and the defendant in the present case is basically the same. Defendant's attempt to distinguish *Garrett* because there the defendant admitted to one prior conviction is without merit.

The trial court's interpretation of what the statement could mean to a juror is a matter of discretion. These statements were in response to defense counsel's inquiry into why defendant threw his gun off the bridge, changed cars and otherwise behaved like an experienced criminal trying to "cover his tracks." Defendant tried to convey to the jury a sense of panic brought on and explained by his alleged inexperience with the police and legal "troubles." Even if the word "trouble," as used in the context in which he used it, is nebulous and subject to numerous interpretations, as defendant argues, one of the available interpretations is he was attempting to buttress his defense by claiming good character.

Defendant's direct assertion of no prior legal or police troubles opened up the subject of his prior arrests. Evidence of prior arrests is generally not admissible to impeach a defendant's credibility. However, a prosecutor may inquire into prior arrests if the defendant opens up that subject. *State v. Garrett*, 813 S.W.2d at 882. The prior arrests legitimately rebutted defendant's direct assertion he had never been in trouble with the police before. Furthermore, it is within the trial court's discretion to allow inquiry into instances of unconvicted conduct during cross examination if it is relevant for impeaching the defendant's veracity. *State v. Carothers*, 710 S.W.2d 370, 371 (Mo.App. 1986).

Three of defendant's four prior arrests were for municipal ordinance weapons violations. Municipal court convictions not related to the case being tried are *generally* inadmissible. *Hollingsworth v. Quick*, 770 S.W.2d 291, 295 (Mo.App.1989). Here, how-

ever, the defendant himself opened up the subject of his never being in trouble before. Therefore, the evidence of these prior arrests for municipal ordinance weapons violations became relevant and admissible evidence of bad character and for impeachment. The possibility that a juror would convict on the present charges because of evidence of prior arrests or convictions is remote and speculative.

Additionally, the arrests inquired into during cross examination were not offered on the broad subject of defendant's general credibility regarding whether he committed the crime or not. Sec. 491.050 RSMo.1986. They were offered on the much narrower issues of the believability of defendant's self defense claim and whether or not he had been in "trouble" with the law before. We hold the trial court did not err in allowing cross examination concerning these instances of unconvicted conduct.

■ Defendant next asserts, should we find he did inject his character into the substance of his testimony, the trial court erred by not giving, sua sponte, character instruction MAI–CR3d 310.40 to the jury. Defendant did not raise this point during trial or in his motion for new trial. It is, therefore, not properly preserved for our review. As a result, we only review for plain error. Rule 28.03. Rule 30.20. *State v. Cole,* 753 S.W.2d 39, 41 (Mo.App.1988), *State v. Kirkland,* 684 S.W.2d 402, 404 (Mo.App.1984). When reviewing instructional error for plain error, we must find manifest injustice resulted because the trial court so misdirected or failed to instruct the jury. *State v. Robinson,* 650 S.W.2d 11, 13 (Mo.App.1983), *State v. Murphy,* 592 S.W.2d 727, 733 (Mo. banc 1979).

■ Defendant cites *State v. Foster,* 665 S.W.2d 348 (Mo.App.1984), as supporting his argument that the court should have, sua sponte, given this instruction. However, in *Foster,* the trial court refused to give the instruction when asked by defense counsel. This situation is far different from the present situation where defendant never asked for the instruction, never previously alleged error in not receiving the instruction and now complains of trial error on appeal.

Furthermore, an instruction on defendant's good character is only necessary when there is substantial evidence which tends to show the good character of defendant. *State v. Foster,* 665 S.W.2d 348, 353 (Mo.App.1984). *State v. Moore,* 303 S.W.2d 60, 70[14] (Mo. banc 1957). Defendant's cross examination answers together with defendant's single statement, "Never been in trouble before," were not substantial evidence of his good character in the context of plain error. Therefore, we find no error, plain or otherwise, in the court's failure to sua sponte give jury instruction MAI–CR3d 310.40. Point denied.

We affirm defendant's convictions and find no error in allowing the state to examine defendant on previous arrests during cross examination or allowing reference to his answer in closing argument. Neither do we find error in the trial court's not, sua sponte, giving the jury instruction MAI–CR3d 310.-40. Affirmed.

SIMON, P.J., and PUDLOWSKI, J., concur.