**STATE of Missouri, Respondent,**

v.

**Ernest THOMAS, Appellant.**

**Ernest THOMAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 62001, 64871.

Missouri Court of Appeals,
Eastern District,
Division One.

June 14, 1994.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana M. Scott, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

On February 26, 1992, a jury convicted Defendant of three counts of the sale of a controlled substance, cocaine. The counts arose out of an undercover drug operation operated in St. Charles County. The trial court subsequently sentenced Defendant to three consecutive sentences of thirty years' imprisonment. Defendant subsequently filed a Rule 29.15 motion for post-conviction relief, which was denied. His direct appeal from his convictions and his appeal from the denial of his Rule 29.15 motion are consolidated.

Defendant presents no points relied on challenging the denial of his Rule 29.15 motion.

Defendant's sole point on appeal challenges the trial court's decision to allow the State to question him about his prior arrests for impeachment purposes. We review the trial court's decision only to determine if it abused its discretion, recognizing the trial judge possesses a great deal of latitude in determining the admissibility of evidence. *State v. Campbell*, 868 S.W.2d 537, 539 (Mo. App.1993).

Evidence of prior arrests is generally not admissible to impeach the credibility of a defendant. *State v. Ball*, 736 S.W.2d 551, 551[1] (Mo.App.1987). However, such evidence is admissible if the defendant has "opened up" the issue of prior arrests. *State v. Parson*, 815 S.W.2d 106, 109[4] (Mo.App. 1991). Once defendants bring their own good character into issue, they may be impeached with their prior arrests to test their good character and credibility as witnesses. *Id.*

The trial court did not abuse its discretion in allowing the State to question Defendant about his prior arrests. In his direct examination, Defendant averred he had been out of trouble for the past eight or nine years since his release from prison. Defendant again reiterated on cross-examination that he had not been in serious trouble. At this time the State questioned Defendant about his prior arrests. Defendant opened up the issue of his own good character, providing the State with permissible grounds to query about his arrests during that time period. *See, Campbell*, 868 S.W.2d at 539–40[1–3]; *State v. Garrett*, 813 S.W.2d 879, 882[7, 8] (Mo.App.1991). Point denied.

Judgments affirmed.

CRANDALL, P.J., and REINHARD, J., concur.